IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD HUA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | CIVIL ACTION NO. H-14-2427 |
| ASSOCIATION, as Trustee for | § | |
| Morgan Stanley ABS Capital I | § | |
| Inc. Trust 2006-WMC1, Mortgage | § | |
| Pass-Through Certificates, | § | |
| Series 2006-WMC1, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 7).[1] Plaintiff has filed no response, and the motion is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes the motion should be granted.

I. Background

Plaintiff Edward Hua ("Plaintiff") purchased a home at 904 Reinerman Street, Houston, Texas 77007 (the "Property") on or about September 20, 2005.[2] Plaintiff alleges that he executed a Note and

---

[1] Also pending is Defendant's Motion to Dismiss (Document No. 4), which is superceded by the present motion and is therefore denied as moot.

[2] Document No. 6 ¶¶ 4-5 (1st Am. Compl.).

Deed of Trust on the Property with "Wells Fargo Bank, N.A." as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary.[3] Defendant Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1 ("Defendant")[4] exhibits a Deed of Trust for the Property (the "Deed of Trust"), dated September 20, 2005 and signed by Plaintiff, which identifies WMC Mortgage Corporation as the lender and MERS as a beneficiary.[5] Plaintiff does not dispute that this is the Deed of Trust he signed, and the parties agree that now Defendant is the lender and mortgagee of the Property.

Plaintiff alleges that he began to experience financial difficulties and, in an effort to remedy the situation, entered into debt restructuring negotiations with Ocwen Loan Servicing, LLC ("Ocwen"), Defendant's loan servicer, to modify the terms and conditions of the Note.[6] Plaintiff alleges that he was offered a loan modification and that during the next several months he

---

[3] Id. ¶ 5.

[4] Defendant explains that it was incorrectly named as "Wells Fargo Bank, N.A." Document No. 1 at 1 n.1.

[5] Document No. 7-1. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

[6] Document No. 6 ¶ 7.

obtained and submitted financial documents in response to Ocwen's requests.[7] Plaintiff further alleges that Ocwen's representatives informed him "that he was not allowed to make any mortgage payments while in loan modification status," and "that [Defendant] would not take any action to foreclose on the Property while in loan modification status."[8] Plaintiff alleges that "Ocwen's representatives informed the Plaintiff not to [make any payments] because she guaranteed them that he would get his loan modified," and that "Ocwen's representatives promised that they were drafting an agreement contemporaneously with the conversation to memorialize the agreed-upon terms," but that Plaintiff never received a written agreement.[9] Plaintiff alleges that while he was waiting for confirmation of the loan modification, he was served with a Suit to Evict filed by Defendant.[10]

On August 22, 2014, Plaintiff sued Defendant in state court, alleging that Defendant wrongly conducted a foreclosure sale of the Property on August 7, 2012, in which Defendant sold the Property to itself.[11] After Defendant removed the suit, Plaintiff filed a First Amended Complaint, alleging causes of action for breach of

---

[7] Id. ¶ 8.

[8] Id.

[9] Id. ¶ 9.

[10] Id.

[11] Document No. 1-2.

3

contract, common law fraud, and promissory estoppel.[12] Defendant now moves to dismiss Plaintiff's First Amended Petition.[13]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[12] Document No. 6.

[13] Document No. 7.

4

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Analysis

A. Breach of Contract

Plaintiff alleges that Defendant's actions constitute a breach of contract because "[Defendant] entered into an oral agreement with the Plaintiff whereby [Defendant] promised not to take any action to foreclose on his Property while they resolved the situation and [Defendant] breached that agreement by selling the Property at a foreclosure sale which caused [Plaintiff's] injury."[14] "An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." Milton v. U.S. Bank Nat. Ass'n, 508 F. App'x 326, 328-29 (5th Cir. 2013) (citations omitted) ("[B]ecause there was no written agreement to delay foreclosure, plaintiff's breach of contract

---

[14] Document No. 6 ¶ 12.

5

claim is barred by the statute of frauds."). Accordingly, Plaintiff's breach of contract claim is dismissed.

B. <u>Common Law Fraud</u>

Plaintiff's fraud claim is based on the allegation that "[Defendant] made false and material misrepresentations to [Plaintiff] when informing [Plaintiff] that they would not take any action to foreclose on his Property while they researched and resolved the situation."[15] "When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well." <u>Foster v. Bank One Texas NA</u>, 54 F. App'x 592 (5th Cir. 2002) (quoting <u>Maginn v. Norwest Mortgage, Inc.</u>, 919 S.W.2d 164, 169 (Tex. App.-Austin 1996, no writ)). Because Plaintiff's fraud claim arises out of the same unenforceable alleged oral contract that forms the basis of his breach of contract claim, his fraud claim is also barred by the statute of frauds.

Furthermore, Plaintiff's fraud claim is barred by the economic loss rule. <u>See</u> <u>Sw. Bell Tel. Co. v. DeLanney</u>, 809 S.W.2d 493, 495 (Tex. 1991) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.") (citation omitted); <u>Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH</u>, 524 F.3d 676, 678 (5th Cir. 2008)

---

[15] <u>Id.</u> ¶ 14.

6

("Under Texas's economic loss rule, . . . no duty in tort exists when plaintiffs have suffered only economic losses.") (citing Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 107 (Tex. App.-Houston [1st Dist.] 2000)); Gonzales v. Bank of Am., N.A., CIV.A. G-12-292, 2013 WL 140093, at *2 (S.D. Tex. Jan. 10, 2013) (Froeschner, M.J.) (dismissing homeowners' fraud claim under economic loss rule where "[p]laintiffs have not alleged any independent injury outside the economic losses caused by BOA's alleged breach of the contract"). Plaintiff's fraud claim is therefore dismissed.

C. <u>Promissory Estoppel</u>

Plaintiff alleges that "[t]he actions committed by [Defendant] constitute promissory estoppel because: A. [Defendant] made a promise to [Plaintiff]; B. [Plaintiff] reasonably and substantially relied on the promise to her detriment; C. [Plaintiff's] reliance was foreseeable by [Defendant]; and D. Injustice can be avoided only by enforcing [Defendant's] promise."[16] However, "[f]or many years, Texas courts have held that promissory estoppel becomes available to a claimant only in the absence of a valid and enforceable contract." Tremble v. Wells Fargo Home Mortgage, Inc., 478 F. App'x 164, 166 (5th Cir. 2012) (quoting Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P., 154 S.W.3d 634, 636 (Tex. App.-

---

[16] Id. ¶ 16.

7

Houston [14th Dist.] 2004, pet. abated) (collecting cases)) (rejecting argument that promissory estoppel prevents foreclosure where plaintiff did not dispute that mortgage was valid and enforceable contract). Plaintiff acknowledges the existence of the Deed of Trust and does not allege any facts that call into question its validity or enforceability. Accordingly, Plaintiff's promissory estoppel claim is dismissed.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 7) is GRANTED and Plaintiff Edward Hua's claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 11TH day of November, 2014.

Ewing Werlein, Jr.
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE